### B. H. TYSON v. SETH H. TYSON.

*Reference— Warranty—Question of Law and Fact.*

1. Where a party excepts to the report of a referee, because he fails to find on a particular matter as a fact, and the report is recommitted to the referee to pass on this matter, he cannot be allowed to except to the second report, because it is a mixed question of law and fact.

2. Plaintiff brought an action for the price of a cotton press, and the defence was a breach of the warranty that it should be capable of pressing a 500-pound bale of cotton with proper management. The referee found that it was of sufficient power to press a 500-pound bale of cotton, but that careful and intelligent management were essential to its proper working; *Held*, that the capacity of the press to pack a 500-pound bale is purely a question of fact, and that "proper management" and "careful and intelligent management" mean the same thing.

CIVIL ACTION, tried on appeal from the judgment of a Justice of the Peace, before *Shepherd, Judge,* at Spring Term, 1884, of WILSON Superior Court.

Judgment was rendered for the plaintiff, and the defendant appealed.

*Messrs. Connor & Woodard,* for the plaintiff.
*Mr. George V. Strong,* for the defendant.

SMITH, C. J. This action, begun before a justice for the recovery of the agreed price of a cotton press of the plaintiff's own manufacture, and sold by him to the defendant, was removed by the latter's appeal, to the Superior Court, where the following order of reference is entered: In this cause it is, by consent of counsel for plaintiff and defendant, ordered that the issues of law and fact be referred to G. W. Blount and A. B. Deans under the provisions of the Code of Civil Procedure, and that they report their finding to the next term of this court.

The defence to the action was, that by the terms of the contract of sale, and as a condition precedent to the payment of the

price, the press should be of sufficient strength to pack a bale of cotton weighing 500 pounds, if properly managed, and that it was not of such strength.

The referees made their report to the next term, finding the facts deduced from voluminous testimony, and among them, "that the contract was conditional, as defendant alleged, and he was not to pay for the press unless it was capable of doing the stipulated work."

They further report that it "was of sufficient power if properly used, to pack an ordinary bale of cotton, but from the examination of the model and the evidence of experts, careful and intelligent use was essential to its proper working; that such is its construction, and such the nature of the power, when applied, that disaster must happen if proper care is not used in the application of the power and to the frame work being kept in plumb." They find as a conclusion of law that there has been no breach of condition or warranty, and that the plaintiff is entitled to judgment for the contract price of the article with interest.

The defendant filed numerous exceptions, most of them originating in the admission of and acting upon alleged incompetent testimony, and the insufficiency or want of it to sustain the facts deduced and reported, which and the rulings of the court in their disposition, are not presented in the case on appeal.

Among them, however, is one that does appear in the record, and this is to the failure of the referees to pass upon the direct inquiry "whether the press was of sufficient power, if properly used, to pack a 500-pound bale of cotton according to the contract, as found by them," and to the consequent unsupported legal deduction of the defendant's liability.

The exception was sustained and the report recommitted to the referees, "to enable them to find the fact whether or not the press was of sufficient strength to pack a 500-pound bale of cotton, if properly managed."

At a subsequent term, upon a rehearing and after argument of counsel before the referees, they report, putting the very words of

the interrogatory .addressed to them, in an affirmative form, that the press had this capacity.

The defendant's counsel insisting that the finding was an admixture of law and fact that did not respond to the inquiry, proposed to file exception thereto, and was given leave to do so. But no such exception was filed, while the record states it was acted on and overruled.

The defendant's appeal presents for our consideration the force and legal sufficiency of the objection to this last finding.

The objection to the first report was that it omits to state the precise matter of defence and the facts which enter into it, and that was, the warranted capability of the instrument, under proper management, to pack in bales of the specified weight.

The second reference or recommittal was to remedy this very defence, and the inquiry the referees were directed to make, was put in such specific language as to avoid all possible misconstruction as to its purpose. The defendant made no objection, and, by his silence, when, if he had any, it should have been made known, must be considered as having given his assent. The response is explicit and in exact measure with the inquiry to be made, and expressed in the same terms.

Certainly all just cause of complaint is removed after these repeated acts of acquiescence, if any existed without them.

But is the finding obnoxious to the criticism passed upon it?

The strength and capacity of the press to undergo the necessary strain in packing in one bale the specified weight of cotton, are facts with no admixture of legal principle.

What is *proper management* is not less so. It implies the supervision and working of the machine by persons of competent skill and experience, such as prudent owners, acting under the promptings of interest, are expected to employ in regard to their own matters. This is the instruction the judge would give as to the rule of law governing in such cases, and upon this the finding proceeds.

But the counsel for appellant contends that the previous finding, that "careful and intelligent use was essential," and that from its peculiar structure and mode of working, "disaster" would happen in their absence, must be deemed to be embodied in the last response, and that this is beyond "the proper management" mentioned in the contract.

We cannot perceive any substantial difference in these forms of expression, and their meaning must be the same.

The *management* must be such as the effective working of such an instrument requires. Now this would in case of mishap or breaking, subject the plaintiff to the loss of his money.

For the consequences of mismanagement, inattention, and the want of the required skill in the working, the plaintiff is not, nor does his contract in any manner make him, responsible.

There is no error and the judgment must be affirmed.

No error. Affirmed.